**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| IN RE: <br><br> CONSTELLATION TECHNOLOGIES LLC <br> PATENT LITIGATION | ) <br> ) <br> ) MDL DOCKET NO. 2558 <br> ) <br> ) <br> ) |

**CHARTER COMMUNICATIONS, INC.;
WIDEOPENWEST FINANCE LLC a/k/a WOW! INTERNET, CABLE, & PHONE;
KNOLOGY, INC.; CEQUEL COMMUNICATIONS, LLC, d/b/a SUDDENLINK
COMMUNICATIONS; and CABLE ONE INC.'s
BRIEF IN SUPPORT OF
TIME WARNER CABLE INC.'S AND TIME WARNER CABLE ENTERPRISES LLC'S
MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. ARGUMENT ..................................................................................................................... 2

    A. The Constellation Cases should be centralized in Delaware ................................. 2

        1. Delaware is a convenient forum for all the parties ..................................... 2

        2. Three of the five subject cases are already pending in consolidated proceedings before Judge Robinson in Delaware ....................................... 3

        3. The equipment manufacturers are already before Judge Robinson ............ 3

IV. CONCLUSION .................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
    279 F. Supp. 2d 554 (D. Del. 2003) ................................................................................... 4

*Whelen Techs., Inc. v. Mill Specialties, Inc.*,
    741 F. Supp. 715 (N.D. Ill. 1990) ...................................................................................... 4

**STATUTES**

28 U.S.C. § 1407 ............................................................................................................................ 2

**I.     INTRODUCTION**

The plaintiffs in *Charter Communications, Inc., et al. v. Constellation Technologies LLC, et al.*, Case No. 1:14-cv-55-SLR (D. Del.), support centralization of the subject cases in the District of Delaware for all pretrial proceedings. The five plaintiffs in the *Charter* case are cable companies, or multiple-systems operators (MSOs), that filed a declaratory judgment action against Constellation and its related entities in Delaware. Each of these MSOs is incorporated in Delaware, as are the Petitioners Time Warner Cable and Time Warner Cable Enterprises, Inc. (collectively, "TWC"). The MSOs purchase equipment from Cisco and Arris, which are also parties in related cases in Delaware. Cisco and Arris equipment provides the structure and functionality at the core of the issues in both the *Charter* case in Delaware and Constellation's action against TWC in Texas. Therefore, because a total of seven accused infringers are already at issue in Delaware, including the manufacturers responsible for the allegedly infringing equipment, the Panel should consolidate these cases for pretrial proceedings in the District of Delaware.

**II.    BACKGROUND**

The plaintiffs in the *Charter* case include Charter Communications, Inc. ("Charter"); Wideopenwest Finance LLC a/k/a Wow! Internet, Cable, & Phone ("WOW"); Knology, Inc. ("Knology"); Cequel Communications, LLC, d/b/a Suddenlink Communications ("Suddenlink"); and Cable One Inc. ("Cable One") (collectively, the "MSOs"). The MSOs filed the *Charter* case after receiving threatening letters from, and engaging in multiple communications with, Constellation's parent company, Rockstar Consortium L.P. ("Rockstar").

At the time the MSOs were threatened with suits for patent infringement, Rockstar owned the patents currently at issue in the Delaware and Texas actions, *i.e.*, U.S. Patent Nos. 6,128,649; 6,845,389; 6,901,048; 7,154,879; 8,134,917; and 8,464,299. Constellation now purports to own

these patents through an assignment from Rockstar (collectively, the "Constellation Asserted Patents"). Constellation is a wholly-owned subsidiary of Rockstar. (JPML Dkt. No. 1 Exh. 7 ¶ 2.)

The Constellation Asserted Patents are at issue in the multi-defendant *Charter* case and the Cisco and Arris actions in Delaware,[1] as well as the two Texas actions.[2] These actions are collectively referred to herein as the "Constellation Cases."

### III. ARGUMENT

#### A. The Constellation Cases should be centralized in Delaware

A transfer for centralization should be made "upon [the Panel's] determination that transfers for such proceedings will be for the convenience of the parties and witnesses and promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Convenience and efficiency will be served if the Panel centralizes the Constellation Cases in the District of Delaware.

##### 1. Delaware is a convenient forum for all the parties

All but one of the twelve parties involved are organized in Delaware.[3] The MSOs are all Delaware corporations and none have principal places of business in Texas. Arris, one of two manufacturers, is incorporated in Delaware. Rockstar is a Delaware limited partnership. Constellation is a Delaware limited liability company. Bockstar is a Delaware limited liability company. The Texas defendants, TWC and Windstream, are also both incorporated in Delaware.

---

[1] *See Bockstar Technologies LLC v. Cisco Sys., Inc.*, 1:13-cv-2020-SLR (the "Cisco Action") and *ARRIS Group, Inc., et al. v. Constellation Technologies LLC, et al.*, 1:14-cv-114-SLR (the "ARRIS Action").

[2] *See Constellation Technologies LLC v. Time Warner Cable Inc., et al.*, 2:13-cv-1079-RSP (E.D. Tex.) (the "Time Warner Action"), and *Constellation Technologies LLC v. Windstream Holdings, Inc.*, 2:13-cv-1080-RSP (the "Windstream Action").

[3] Cisco is incorporated in California.

2

Moreover, as TWC explains in its opening brief, Delaware is a convenient forum for all the parties. (JPML Dkt. No. 1 at 17-19.)  Indeed, the Constellation-related entities selected Delaware for their suit against Cisco—a suit included in TWC's MDL Petition.

### 2. Three of the five subject cases are already pending in consolidated proceedings before Judge Robinson in Delaware

Three of the five Constellation Cases that are the subject of TWC's petition, encompassing seven of the nine alleged infringers, are already assigned to Judge Robinson in Delaware.[4]  The Constellation Cases pending in Delaware have been identified as related cases, and Judge Robinson has issued an order related to the need for coordinated proceedings, and further asking the parties to propose a time for a "joint scheduling conference" in those actions.[5] As outlined in TWC's opening brief, the District of Delaware (and Judge Robinson in particular) has considerable experience in complex patent litigations and MDL actions.  (JPML Dkt. No. 1 at 17-19.)

### 3. The equipment manufacturers are already before Judge Robinson

Cisco and Arris, vendors that manufacture and supply equipment for the MSOs (including TWC), are already at issue in the Constellation Cases pending in Delaware.  In fact, Bockstar, another Rockstar subsidiary, chose to initiate its case against Cisco in Delaware and cannot complain that Delaware is not a suitable venue for that action.  For its part, Arris has filed a declaratory judgment action in Delaware. The presence of these manufacturers in Delaware further favors centralization in that District.  Courts have recognized that it is more efficient for a dispute to be settled directly between the true parties in interest.  *See, e.g.*, *Ricoh Co., Ltd. v. Aeroflex Inc.*,

---

[4] JPML Dkt. No. 1, Exhs. 12, 13 & 14.

[5] May 15, 2014 Order, JPML Dkt. No. 1, Exhs. 12 (Dkt. No. 40), 13 (Dkt. No. 15) & 14 (Dkt. No. 24).

279 F. Supp. 2d 554, 557 (D. Del. 2003) (favoring venue in which action against manufacturer was pending over that in which suits against customers were brought); *Whelen Techs., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715, 716 (N.D. Ill. 1990) (noting that the manufacturer is presumed to have a greater interest in defending its actions against charges of patent infringement.) Bockstar, one of the Constellation-related entities, has already elected to sue manufacturer Cisco in Delaware. Delaware, the forum where the equipment manufacturers have been sued or have sued, is particularly appropriate for centralization.

4

## IV. CONCLUSION

For the reasons set forth above, the MSOs respectfully request that the Panel centralize the Constellation Patent Actions in the District of Delaware for pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated:  June 20, 2014

Respectfully submitted,

/s/ Thomas L. Duston
Thomas L. Duston
MARSHALL, GERSTEIN, & BOURN LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, IL  60606-6357
Email: tduston@marshallip.com
Tel: 312-474-6300
Fax: 312-474-0448
**Counsel for Charter Communications, Inc.**

/s/ Richard L. Brophy
Richard L. Brophy
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO  63105
Email: rbrophy@armstrongteasdale.com
Tel: 314-342-4159
Fax: 314-613-8579
**Counsel for WideOpenWest Finance LLC (a/k/a WOW! Internet, Cable & Phone); Knology, Inc.; and Cequel Communications LLC, d/b/a Suddenlink Communications**

/s/ Mitchell D. Lukin
Mitchell D. Lukin
BAKER BOTTS LLP
910 Louisiana
Houston, TX 77002
Email:  mitch.lukin@bakerbotts.com
Tel: 713-229-1733
Fax: 713-229-7733
**Counsel for Cable One, Inc.**

## BEFORE THE
## UNITED STATES JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>CONSTELLATION TECHNOLOGIES LLC<br>PATENT LITIGATION | )<br>)<br>)  MDL DOCKET NO. 2558<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing document were served on all counsel of record via the Panel's ECF system on June 20, 2014.

            /s/ Thomas L. Duston
           Thomas L. Duston
           MARSHALL, GERSTEIN & BORUN LLP
           6300 Willis Tower
           233 South Wacker Drive
           Chicago, Illinois 60606-6357
           (312) 474-6300

           *Counsel for Charter Communications, Inc.*